FILED

2015 DEC 22 PM 5:04

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

1  EILEEN M. DECKER
   United States Attorney
2  LAWRENCE S. MIDDLETON
   Assistant United States Attorney
3  Chief, Criminal Division
   DAFFODIL TYMINSKI (Cal. Bar No. 243680)
4  Assistant United States Attorney
   OCDETF Section
5       1400 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-0917
7       Facsimile: (213) 894-0142
        E-mail: Daffodil.Tyminski@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10                 UNITED STATES DISTRICT COURT

11             FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,        No. CR **CR15-0707**

13       Plaintiff,                  GOVERNMENT'S NOTICE OF REQUEST FOR
                                     DETENTION
14       v.

15  ROBERTO MEINAS MACIAS,

16       Defendant.

17

18       Plaintiff, United States of America, by and through its counsel

19  of record, hereby requests detention of defendant and gives notice of

20  the following material factors:

21  ☐   1.   Temporary 10-day Detention Requested (§ 3142(d)) on the

22            following grounds:

23       ☐   a.   present offense committed while defendant was on release

24                pending (felony trial),

25       ☐   b.   defendant is an alien not lawfully admitted for

26                permanent residence; and

27

28

1  ☐ c. defendant may flee; or
2  ☐ d. pose a danger to another or the community.
3  ☒ 2. Pretrial Detention Requested (§ 3142(e)) because no
4     condition or combination of conditions will reasonably
5     assure:
6  ☒ a. the appearance of the defendant as required;
7  ☒ b. safety of any other person and the community.
8  ☐ 3. Detention Requested Pending Supervised Release/Probation
9     Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C.
10    § 3143(a)):
11 ☐ a. defendant cannot establish by clear and convincing
12    evidence that he/she will not pose a danger to any
13    other person or to the community;
14 ☐ b. defendant cannot establish by clear and convincing
15    evidence that he/she will not flee.
16 ☒ 4. Presumptions Applicable to Pretrial Detention (18 U.S.C.
17    § 3142(e)):
18 ☒ a. Title 21 or Maritime Drug Law Enforcement Act ("MDLEA")
19    (46 U.S.C. App. 1901 et seq.) offense with 10-year or
20    greater maximum penalty (presumption of danger to
21    community and flight risk);
22 ☐ b. offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or
23    2332b(g)(5)(B) with 10-year or greater maximum penalty
24    (presumption of danger to community and flight risk);
25 ☐ c. offense involving a minor victim under 18 U.S.C.
26    §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251,
27    2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4),

                2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk);

☐   d.   defendant currently charged with an offense described in paragraph 5a - 5e below, AND defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), AND that previous offense was committed while defendant was on release pending trial, AND the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community).

☒   5.   **Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves:**

    ☐   a.   a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)) or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more;

    ☒   b.   an offense for which maximum sentence is life imprisonment or death;

    ☒   c.   Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more;

    ☒   d.   any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c if federal jurisdiction were present, or a combination or such offenses;

1     ☐    e.    any felony not otherwise a crime of violence that
2                  involves a minor victim or the possession or use of a
3                  firearm or destructive device (as defined in 18 U.S.C.
4                  § 921), or any other dangerous weapon, or involves a
5                  failure to register under 18 U.S.C. § 2250;
6     ☒    f.    serious risk defendant will flee;
7     ☐    g.    serious risk defendant will (obstruct or attempt to
8                  obstruct justice) or (threaten, injure, or intimidate
9                  prospective witness or juror, or attempt to do so).
10  ☐   6.   Government requests continuance of _____ days for detention
11          hearing under § 3142(f) and based upon the following
12          reason(s):

13
14 _____
15 _____
16 _____
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

☐ 7. Good cause for continuance in excess of three days exists in that:

_____

_____

_____

_____

Dated: December 21, 2015          Respectfully submitted,

                                  EILEEN M. DECKER
                                  United States Attorney

                                  LAWRENCE S. MIDDLETON
                                  Assistant United States Attorney
                                  Chief, Criminal Division

                                  /s/ Daffodil Tyminski
                                  DAFFODIL TYMINSKI
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA