EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
DAFFODIL TYMINSKI (Cal. Bar No. 243680)
Assistant United States Attorney
OCDETF Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0917
     Facsimile: (213) 894-0142
     E-mail:    Daffodil.Tyminski@usdoj.gov

Attorney for Plaintiff
UNITED STATES OF AMERICA

                UNITED STATES DISTRICT COURT

            FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 15-0707-R |
|---|---|
| Plaintiff, | GOVERNMENT'S POSITION RE: SENTENCING FOR DEFENDANT ROBERTO MACIAS |
| v. | |
| ROBERTO MACIAS, | Sentencing Date: July 18, 2016 |
| Defendant. | |

     Plaintiff United States of America, by and through its counsel
of record, the United States Attorney for the Central District of
California and Assistant United States Attorney Daffodil Tyminski
and, hereby files the government's position with respect to
sentencing defendant Roberto Macias ("defendant").

///

///

///

This sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 15, 2016                    Respectfully submitted,

                                        EILEEN M. DECKER
                                        United States Attorney

                                        LAWRENCE S. MIDDLETON
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                              /S/
                                        _____
                                        DAFFODIL TYMINSKI
                                        Assistant United States Attorney

                                        Attorney for Plaintiff
                                        UNITED STATES OF AMERICA

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

**I.   INTRODUCTION**

On April 28, 2016, defendant pleaded guilty to count five of the Indictment. (Presentence Investigation Report ("PSR") of the United States Probation Office ("USPO") dated June 20, 2016 ¶ 2.)  Based on the PSR and the facts and circumstance of this case, the government asks that the Court impose a sentence of 87 months imprisonment, followed by five years of supervised release, no fine, and a special assessment of $100.

**II.   NACKGROUND AND THE USPO'S FINDINGS**

Count Five charges defendant with distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). The charges stem from defendant's distribution of methamphetamine for defendant Roberto Macias, the leader of the conspiracy.  As part of the conspiracy, on or about January 10, 2014, defendant distributed approximately 109.8 grams of methamphetamine to co-defendant Aguilar, and on or about January 19, 2014, defendant distributed approximately 41 grams of methamphetamine to co-defendant Garcia.  (PSR ¶¶ 12-15.)

**A.   The Offense Level and Defendant's Criminal History**

In defendant's plea agreement, the parties agreed to a base offense level of 30, pursuant to U.S.S.G. § 2D1.1(c)(5) (Plea Agreement ¶ 17).  The USPO calculated defendant's base offense level as 34, pursuant to U.S.S.G. § 2D1.1(c)(3), based on defendant's possession of 10 kilograms of methamphetamine on April 16, 2014, which the USPO deemed relevant conduct.  (PSR ¶¶ 30-32.)  The USPO also found that defendant should receive a two-level enhancement for possession of a firearm, (PSR ¶¶ 33), and that he should receive an additional three-level reduction for acceptance of responsibility

under U.S.S.G. § 3E1.1(b), for a total adjusted offense level of 33. (PSR ¶¶ 22-31.)[1]  The government does not object to the USPO's calculations, however, to be consistent with the parties' plea agreement, the government submits that a base offense level of 30 should apply, with a two-level enhancement for possession of a firearm, less three-levels reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b), for a total adjusted offense level of 29. The USPO also concluded that defendant is in criminal history category I, and the government does not object to this finding.  (PSR ¶¶ 44-50.)

Defendant's sentencing guidelines range, at a total offense level of 29 and in criminal history category of I, is 87-108 months. The government recommends a low end sentence of 87 months, to run consecutive to the state sentence defendant is currently serving.

**B.   The Mandatory Minimum Applicable**

The Court should be aware that in the parties' plea agreement, they agreed that a ten-year mandatory minimum should apply.  However, the government made a mistake in the plea agreement, and although the plea agreement states the elements and penalties of a ten-year mandatory minimum offense, the plea agreement states that defendant is pleading guilty to Count Five, which is a five-year mandatory minimum offense.  The government is giving defendant the benefit of its error and is requesting – to the extent relevant – that a five-year mandatory minimum apply.

---

[1] The USPO properly found that the methamphetamine defendant possessed on April 16, 2014, should be considered relevant conduct. See U.S.S.G. §§1B1.3(a)(2) and 4A1.2(a)(1).

**III. ANALYSIS OF THE 3553(a) FACTORS**

The factors to be considered when imposing sentence, as set forth in 18 U.S.C. § 3553(a), include:

**A.    Nature and Circumstances of the Offense and the History and Characteristics of Defendant**

Defendant Macias was a major player in narcotics distribution. The government initiated a T-III investigation against defendant after determining that defendant played a significant role in organizing a maritime marijuana smuggling event that resulted in the death of a United States Coast Guard officer.  (PSR ¶ 12.)  The government intercepted three months of defendant's voice and text communications and, as is evidenced by the charges in this case and by the seizure of 75 pounds of methamphetamine from defendant on April 16, 2014, the government determined that defendant:

- Routinely distributed methamphetamine;
- Maintained and distributed firearms;
- Gave firearms to other individuals for the express purpose of assaulting someone;
- Smuggled firearms to Mexico; and
- Dealt in stolen goods.  (PSR ¶¶ 13-23).

Apart from his criminal activities, defendant was unemployed.

**B.    The Seriousness of the Offense, Deterrence, and the Need to Protect the Public**

Methamphetamine distribution is a serious offense.  The government submits that the aggravating factors – the nature of the offense and defendant's use of others (co-defendants Lopez, Aguilar, and Garcia) as well as other family members who were not charged, such as his brother David and his then sixteen year old daughter, to

further the conspiracy – are extremely serious.  Balanced against mitigating factors – such as defendant's family background – these aggravating factors warrant the requested sentence.

For the foregoing reasons, and based on the sentencing guidelines as well as the factors set forth in 18 U.S.C. § 3553(a), the government requests that the Court sentence the defendant to 87 months imprisonment, followed by five years of supervised release, no fine, and a mandatory special assessment of $100.

Dated: July 15, 2016          Respectfully submitted,

                              EILEEN M. DECKER
                              United States Attorney

                              LAWRENCE S. MIDDLETON
                              Assistant United States Attorney
                              Chief, Criminal Division


                              _____/S/_____
                              DAFFODIL TYMINSKI
                              Assistant United States Attorney

                              Attorneys for Plaintiff
                              UNITED STATES OF AMERICA